UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JERMAINE LAMONT WOOD,<br><br>                Defendant. | Criminal Action No. 3:99-CR-144 |

**<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on a Motion for Sentence Modification, pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 591 to the United States Sentencing Guidelines ("3582 Motion") (ECF No. 58), a Motion for Relief from Judgment, pursuant to Federal Rule of Civil Procedure 60(b)(4) ("Rule 60 Motion") (ECF No. 62), and a Letter Motion for Appointment of Counsel (ECF No. 63) filed by Defendant Jermaine Wood. For the reasons that follow, the 3582 Motion will be DENIED, the Rule 60 Motion will be DENIED, and the Motion for Appointment of Counsel will be DENIED.

On July 22, 1999, a jury convicted Wood of Conspiracy to Possess With Intent to Distribute Crack Cocaine (Count One), Conspiracy to Use and Carry Firearms in Relation to a Drug Trafficking Crime (Count Three), and Murder in the Second Degree (Count Four). In preparation for sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), which included an offense level calculation for each of the three crimes of conviction. For Count One, Conspiracy to Possess With Intent to Distribute Crack Cocaine, United States Sentencing Guideline ("U.S.S.G.") section 2D1.1(d)(1) provided the applicable base offense level through a cross reference to U.S.S.G. section 2A1.1(a), First Degree

Murder.[1] *See* U.S. Sentencing Guidelines Manual § 2D1.1(d)(1). Section 2A1.1(a) provided the applicable base offense level of 43. The base offense levels for Count Three and Count Four were each determined to be 33. (PSR Worksheet A, Count 3; PSR Worksheet A, Count 4.)

Because all three counts of conviction involved substantially the same harm, they were grouped together in the PSR.[2] U.S. Sentencing Guidelines Manual §§ 3D1.2(b), (c). And because Count One was the most serious within the meaning of the sentencing guidelines, its base offense level applied to the group. U.S. Sentencing Guidelines Manual § 3D1.3(a). Accordingly, Woods's sentencing guideline was calculated to be life based on a criminal history category of IV and a base offense level of 43. (PSR Worksheet D, at 1.)

Wood takes issue with his sentence on Count Four and asserts that Amendment 591 "significantly lowers the guideline range from the mandatory life sentence [he] is currently serving." (3582 Mot. 2 (emphasis omitted).) Amendment 591, made effective on November 1, 2000, sought to clarify that a "sentencing court must apply the offense guideline references in the Statutory Index for the statute of conviction . . . ." U.S. Sentencing Guidelines Manual app. C, vol. II, at 28. The statute of conviction for Count One was 21 U.S.C. § 846, with a corresponding reference in the Statutory Index to U.S.S.G. section 2D1.1. Section 2D1.1 was applied in calculating Wood's guidelines range, and therefore, the calculation was consistent with the Sentencing Guidelines as amended by Amendment 591. Accordingly, the subsequent adoption of Amendment 591 would not have affected the calculation of Wood's sentencing guideline.

---

[1] On November 1, 2006, section 2D1.1(d)(1) was amended by U.S.S.G. Amendment 684 to include reference to either U.S.S.G. § 2A1.1 (First Degree Murder) or U.S.S.G. § 2A1.2 (Second Degree Murder), based on the offense committed. However, Amendment 684 does not apply retroactively and, therefore, does not affect the judgment entered against Wood on October 20, 1999. *See* U.S. Sentencing Guidelines Manual § 1B1.10.

[2] To the extent that grouping all three counts may have constituted error, Woods failed to raise this argument on direct appeal to the Fourth Circuit, in his motion pursuant to 28 U.S.C. § 2255, and on appeal of the Court's denial of that motion. Even assuming that the argument has not been waived, a Motion pursuant to 18 U.S.C. § 3582(c)(2) does not provide an avenue of relief to Woods, and Amendment 591 is not applicable to section 3D1.2 of the United States Sentencing Guidelines.

To the extent that Wood asserts that the sentencing guideline was improperly based on conduct—first degree murder—for which he was neither indicted nor convicted, the Court has previously addressed and rejected this argument in denying Wood's 2001 motion pursuant to 28 U.S.C. § 2255. The record makes clear that the Court did not find Wood had committed first degree murder at the sentencing hearing. Further, "the factual findings needed to calculate a defendant's advisory Guidelines range are still within the district court's province," so long as those factual findings neither increase the mandatory minimum sentence or the statutory maximum sentence. *United States v. Holder*, 549 F. App'x 214, 215 (4th Cir. 2014) (citing *United States v. Booker*, 543 U.S. 220, 233 (2005); *United States v. Claybrooks*, 729 F.3d 699, 708 (7th Cir. 2013)); *see United States v. Alleyne*, 133 S. Ct. 2151, 2163 (2013) ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."). To the extent that Wood is seeking relief pursuant to these developments in the law, "18 U.S.C. § 3582(c)(2) is not the appropriate mechanism to assert the retroactive application of Alleyne." *United States v. Fields*, 549 F. App'x 327, 327 (4th Cir. 2013) (unpublished).

The adoption of Amendment 591 has no effect on the calculation of Wood's sentencing guideline range and, therefore, does not warrant relief pursuant to 18 U.S.C. § 3582(c). *See* U.S.S.G. §1B1.10, application note 1. The 3582 Motion, therefore, will be denied.

Wood's Rule 60 Motion is also related to Amendment 591 and will similarly be denied. Wood asserts that the Court committed procedural error in failing to address the applicability of Amendment 591 to a claim raised in his motion pursuant to 28 U.S.C. § 2255, filed on November 14, 2011. "A motion under Rule 60(b) must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1). The Fourth Circuit has regularly upheld dismissal of Rule 60(b) motions filed more

than one year after the original judgment. *See, e.g.*, *Wadley v. Equifax Info. Servs., LLC*, 296 F. App'x 366, 368 (4th Cir. 2008) (unpublished); *NOW v. Operation Rescue*, 47 F.3d 667, 669 (4th Cir. 1995); *cf. McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991). Wood filed the Rule 60 Motion nearly twelve years after the Court denied Wood's section 2255 motion, and he provides no reason for this extreme delay. As such, Wood's Rule 60 Motion is untimely and fails the requirements of Rule 60(c)(1).

However, even if Wood's Rule 60 Motion were timely, it lacks merit. The purpose of a motion made pursuant to 28 U.S.C. § 2255 is to attack the validity of the underlying sentence or conviction. *See* 28 U.S.C. § 2255(a). Amendment 591 was not effective at the time of Wood's sentencing on October 20, 1999. Assuming, without deciding, that the Court failed to consider Amendment 591 on Wood's collateral attack of his sentence, such error would be harmless because the validity of Wood's sentence could not have been affected by a subsequently adopted Sentencing Guidelines amendment. Accordingly, the Rule 60 Motion will be denied.

Finally, Wood's Motion for Appointment of Counsel will be denied. "[O]nce the direct appeal has been decided, the Sixth Amendment right to counsel comes to an end." *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

To the extent that he has any right to do so, Wood may appeal the decision of this Court. Should he wish to do so, written notice of appeal must be filed with the Clerk of this Court within sixty (60) days of the date of this Order in accordance with Federal Rules of Appellate Procedure 3 and 4. Failure to file a timely notice of appeal may result in the loss of the right to appeal.

Let the Clerk send a copy of this Memorandum Opinion to Wood and the United States Attorney's Office.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___18th___ day of June 2014.