

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. **3:99CR144**

**JERMAINE L. WOOD,**

Petitioner.

## MEMORANDUM OPINION

Jermaine L. Wood, a federal inmate proceeding *pro se*, submitted this successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 109).[1] The Government has filed its Response. (ECF No. 119.) Wood has filed his Reply. (ECF No. 122.) For the reasons set forth below, the Court will deny Wood's § 2255 Motion as barred by 28 U.S.C. § 2255(h)(2).

## I. PROCEDURAL HISTORY

### A. Criminal Proceedings

A grand jury charged Wood with conspiracy to possess with the intent to distribute more than five grams of cocaine base (Count One), one count of possession with the intent to distribute more than five grams of cocaine base (Count Two), conspiracy to use and carry firearms during and in relation to a drug trafficking crime as charged in Count One (Count

---

[1] On June 24, 2016, the Court received a Motion to Stay from Jermaine L. Wood. (ECF No. 102.) On July 25, 2016, the United States Court of Appeals for the Fourth Circuit granted Wood permission to file a successive § 2255 Motion. (ECF No. 105, at 1.) Attached to the Fourth Circuit's Order was a Proposed § 2255 Motion that the Court docketed. (ECF No. 107.) By Memorandum Order entered on July 28, 2016, the Court warned Wood that, unless the Court heard otherwise from Wood within fourteen (14) days of the date of entry thereof, the Court would treat the Proposed § 2255 Motion as the second or successive § 2255 Motion authorized by the Fourth Circuit's Order and direct a response by the Government. (ECF No. 106.) On August 12, 2016, Wood filed a new motion to vacate pursuant to 28 U.S.C. § 2255. Accordingly, the August 12, 2016 § 2255 motion is the operative motion before the Court. ("§ 2255 Motion," ECF No. 109.)

Three), use and carry of a firearm during and in relation to a drug trafficking crime as charged in Count One, resulting in murder in the second degree (Count Four). (Indictment 1–3, ECF No. 1.) On July 22, 1999, a jury found Wood guilty of Counts One, Three, and Four of the Indictment. (ECF No. 23.)

The probation office prepared a Presentence Report ("PSR") for Wood prior to sentencing. Wood's base offense level for Count One was 43 because the victim was killed during the commission of the crime. (*See* PSR Wkst. A, at 1 (citing United States Sentencing Guidelines ("USSG") USSG § 2D1.1(d)(1) & § 2A1.1(a)). Wood's base offense level for Counts Three and Four was 33. (*See* PSR Wkst. A, at 2–3.) Due to grouping provisions, Wood's combined adjusted offense level, and ultimately offense level total, was 43. (*See* PSR Wkst. B, at 1.) Wood's criminal history category was IV, resulting in a sentencing guideline range of life in prison. (*See* PSR Wkst. D, at 1.) However, Count One carried a restricted statutory range of 480 months maximum and Count Three similarly carried a maximum of 240 months maximum. (*Id.*)

On October 20, 1999, the Court sentenced Wood to 480 months of incarceration on Count One, 240 months of incarceration on Count Three, and life in prison on Count Four. (J. 2, ECF No. 33.) On August 14, 2000, the United States Court of Appeals for the Fourth Circuit affirmed Wood's conviction and sentence. *United States v. Wood*, No. 99–4822, 2000 WL 1144598, at *1 (4th Cir. Aug. 14, 2000).

B. **Collateral Proceedings**

On December 14, 2001, Wood filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 44 (see docket entry above dated Dec. 14, 2001).) By Memorandum Opinion and Order entered on June 21, 2002, the Court denied

Wood's § 2255 motion. *See Wood v. United States*, No. CRIM.A. 3:99–CR144, 2002 WL 32507838, at *1–6 (E.D. Va. June 21, 2002). Since that time, Wood has attempted continuously to attack his conviction and sentence and has filed at least three unauthorized second or successive § 2255 motions. (*See* ECF Nos. 54, 66, 71.)

On July 25, 2016, the Fourth Circuit granted Wood authorization to file this successive § 2255 motion. (*See* ECF No. 105, at 1.) Attached to the Fourth Circuit's Order was a Proposed § 2255 Motion that the Court docketed. (ECF No. 107.) In response to the Court's July 28, 2016 Memorandum Order, on August 12, 2016, Wood filed the § 2255 Motion presently before the Court. (ECF No. 109.) Accordingly, by Memorandum Order entered on September 20, 2016, the Court directed that the United States Attorney be served with a copy of Wood's § 2255 Motion. (ECF No. 111.)

Subsequently, Wood has inundated the Court with various filings. Before the Government filed its response, Wood filed a Motion to Amend and yet another amended § 2255 motion. (ECF No. 114.) By Memorandum Order entered on November 22, 2016, the Court directed the Government to address the Motion to Amend in its response. (ECF No. 117.) The Government filed its Response on December 21, 2016. (ECF No. 119.) The Court received Wood's Reply on January 27, 2017. (ECF No. 122.) Since that date, Wood had filed multiple documents containing supplemental authority. (ECF Nos. 124, 126, 127.)

By Memorandum Order entered on October 30, 2017, the Court directed the Government to file supplemental briefing about whether Wood has satisfied the requirements of 28 U.S.C. § 2255(h)(2) for filing his successive § 2255 Motion. (ECF No. 131, at 2–3.) The Government filed its supplemental brief (ECF No. 136) and Wood filed a response (ECF No. 137). As

3

discussed below, Wood's various claims are procedurally barred by 28 U.S.C. § 2255(h)(2)'s prohibition of successive §2255 motions.

## II. ANALYSIS

### A. Wood's Claims

In his § 2255 Motion, Wood raises entitlement to relief based upon the following claims, which make little sense:[2]

| | |
|---|---|
| Claim One: | "Use of §16(b)'s definition of crime of violence resulted in the 'illegal grouping' of Counts (1), (3), (4) under [USSG] 3D1.2(h) -- [same victims]. Because § 16(b) is 'void for vagueness' after *Johnson v. [United States]*, 135 S. Ct. 2551 (2015), the enhanced mandatory sentences on Counts (3), (4) violate the 5th Amendment's Due Process Right."[3] (§ 2255 Mot. 2, ECF No. 109 (second alteration in original).)[4] |
| Claim Two: | "Second-degree murder [is] not [a] crime of violence under § 16(b). § 16(b) is 'void for vagueness' under *Johnson* . . . ." (*Id.* at 3.) |
| Claim Three: | "Sentence imposed on Count (4) based on § 16(b)'s residual clause, 'exceeded statutory maximum' [and] is void after *Johnson* . . . ." (*Id.* at 7.) |

In his Amended Motion to Vacate Judgment Under § 2255, Wood repeats Claims One through Three above with slightly different phrasing, and adds three new "Grounds" that are new permutations of his *Johnson* claims. (Am. § 2255 Mot. 9, 16, 17, ECF No. 114–1.) The Court need not spell out each rambling version of his claim for relief under *Johnson* because as

---

[2] The Court corrects the capitalization, spacing, and punctuation, and omits the emphasis in quotations from Wood's submissions. The Court employs the pagination assigned by the CM/ECF docketing system for citations to Wood's submissions.

[3] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

[4] Wood's initial § 2255 motion filed with the Fourth Circuit and docketed here with the Fourth Circuit's Order contains a shorter version of fundamentally the same *Johnson* claims as raised in his claims listed above. (ECF No. 105–2, at 1–5.)

4

discussed below, *Johnson* has no applicability to his convictions and sentence. The Amended Motion to Vacate Judgment under § 2255 also attempts to add three other non-*Johnson* "Grounds" that were not included in the Fourth Circuit's grant of permission to file a successive § 2255 motion based upon *Johnson*.[5] These additional claims are successive, not properly before the Court, and the Court will not consider them here. As discussed below, because Wood's § 2255 Motion is both successive and his *Johnson* claims are meritless, the Motion to Amend (ECF No. 114) will be DENIED as futile.

### B. Wood Fails to Satisfy the Standard for Successive § 2255 Motions

The Fourth Circuit granted Wood pre-filing authorization to file a successive motion in this Court pursuant to 28 U.S.C. § 2255(h)(2). Under § 2255(h)(2), Wood must demonstrate that his claim is based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Fourth Circuit's determination that Wood satisfies § 2255(h) "is 'tentative in the following sense: the district court must dismiss the motion that [the Fourth Circuit has] allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion.'" *McLeod v. Peguese*, 337 F. App'x 316, 324 (4th Cir. 2009) (quoting *Bennett v. United States*, 119 F.3d 468, 470 (7th Cir. 1997)). Thus, it is necessary to examine Wood's claims and dismiss them, if the Court finds that they are barred under § 2255(h). *See United States v. MacDonald*, 641 F.3d 596, 604 (4th Cir. 2011) (citing *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003)).

---

[5] In "Ground (5)," Wood argues that his sentence is the result of ineffective assistance of counsel. (Am. § 2255 Mot. 14.) In "Ground (6)" Wood argues that an amendment to the guidelines should be applied to Count One. (*Id.* at 15.) In "Ground (7)," Wood challenges the imposition of restitution. (*Id.* at 16.)

5

To satisfy 28 U.S.C § 2255(h)(2), Wood must demonstrate: (1) the rule announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015), constitutes a new rule of constitutional law that was previously unavailable; and, (2) the Supreme Court has made the rule announced in *Johnson* retroactive to cases on collateral review. As explained below, Wood fails to satisfy these requirements because the Supreme Court has neither extended the rule in *Johnson* to his convictions and sentences for use of a firearm in conjunction with drug trafficking crimes, nor made it retroactively applicable to such cases on collateral review.

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[6] In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule of law that has retroactive effect in cases on collateral review." *Id.* at 1268. Here, however, Wood was not subject to a sentence enhancement under the ACCA. Rather, Wood was convicted of conspiracy to possess with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 846; conspiracy to use and carry a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(o); and, using a firearm to commit murder in furtherance of a drug

---

[6] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j), and 2.[7] In his rambling arguments, Wood seeks to extend *Johnson* to invalidate his conviction under 18 U.S.C. § 924(c)(1)(A), § 924(j), and § 924(o), arguing that *Johnson* likewise invalidated subsection (c)'s residual clause and definition of "crime of violence." *See* 18 U.S.C. § 924(c)(3)(B). Section 924(c)(1)(A) states:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence **or drug trafficking crime** (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime - -
> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added).[8] The Supreme Court has not yet decided whether *Johnson* invalidates the "residual clause" of § 924(c)(3)(B), which defines a "crime of violence" to include any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Thus, Wood's attempt to utilize *Johnson* as a means around the procedural roadblock of § 2255(h)(2) fails. Contrary to Wood's assertion, *Johnson*'s holding has no

---

[7] The Indictment lists 18 U.S.C. § 2 at the end of the alleged conduct; however, the textual portion of Count Four does not include the word "aiding and abetting." (Indictment 3.) The caption of the Indictment also does not include 18 U.S.C. § 2 as a charged offense. However, whether or not Wood was charged with aiding and abetting or as a principal has no bearing on the resolution of the instant § 2255 Motion.

[8] Section 924(j) involves an act taken "in the course of subsection (c)." *See* 28 U.S.C. § 924(j). Section 924(o) involves "conspir[ing] to commit an offense under subsection (c)." *See* 28 U.S.C. § 924(o). Presumably, Wood challenges these convictions based on each subsection's reference to § 924(c).

applicability to Wood's case, as his convictions and sentences under §§ 924(c)(1)(A), 924(j), and 924(o) were predicated on drug trafficking crimes, not a crime of violence. *See United States v. Wilkerson*, No. 3:09CR235, 2017 WL 3122658, at *2 (E.D. Va. July 21, 2017) (citations omitted). Accordingly, because *Johnson* fails to extend to Wood's convictions and sentences for use of a firearm in conjunction with drug trafficking crimes, he fails to satisfy the requirements of § 2255(h)(2). Thus, Wood's § 2255 Motion is an improper, successive motion under § 2255(h)(2).

### C. Wood's *Johnson* Claims Lack Merit

Nevertheless, even if Wood's § 2255 Motion was not successive, his *Johnson* claims lack merit. The *Johnson* decision simply has no applicability to Wood's case, as his conviction under 18 U.S.C. § 924(c)(1)(A), § 924(j), and § 924(o) were predicated on conspiring to use and carry a firearm and committing murder *during a drug trafficking crime*, not a crime of violence. *See United States v. Hare*, 820 F.3d 93, 105–06 (4th Cir.), *cert. denied*, 137 S. Ct. 460 (2016). Thus, contrary to Wood's arguments, the definition of "crime of violence" has no bearing on his convictions, and *Johnson* is inapplicable. Wood's various *Johnson* claims will also be DISMISSED as meritless.[9]

---

[9] Wood also references "§ 16(b)" in Claims One through Three. Wood argues that "§ 16(b)'s definition of crime of violence" is void for vagueness under *Johnson* and that this provision somehow caused the probation officer to group like counts improperly in his sentencing guidelines calculation (§ 2255 Mot. 2), that second-degree murder is not a "crime of violence" (*id.* at 3), and that his sentence imposed on Count Four was based on § 16(b)'s residual clause and is void (*id.* at 7). The Court assumes Wood refers to 18 U.S.C. § 16(b). The Court fails to discern, and Wood fails to explain, how 18 U.S.C. § 16(b) has any bearing on Wood's conviction or sentence as that statute is the residual clause's definition of crime of violence for the Immigration and Nationality Act. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1210–11 (2018). Moreover, to the extent he challenges a sentencing guideline calculation, Wood may not challenge an alleged misapplication of the sentencing guidelines in § 2255. *See United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015) (noting that a career offender designation under the guidelines is not cognizable on collateral review); *United States v. Pregent*, 190 F.3d 279, 283–

## III. CONCLUSION

For the foregoing reasons, Wood's § 2255 Motion (ECF No. 107, 109) will be DENIED as barred by 28 U.S.C. § 2255(h)(2) and also meritless. The Motion to Amend (ECF No. 114) will be DENIED. Wood's Motion for Appointment of Counsel (ECF No. 128) will be DENIED because his claims are barred from review here and appointment of counsel would not promote the interests of justice. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: NOV 0 1 2018
Richmond, Virginia

---

84 (4th Cir. 1999) (explaining that "[b]arring extraordinary circumstances" an error in the calculation of the sentencing guidelines is not cognizable in a § 2255 motion)